**SENTENCING MEMORANDUM ON BEHALF OF ANTHONY HAMILTON**

Docket No. 21 Cr. 128 (JGK)

Honorable John G. Koeltl

Peter E. Brill, Esq.
Brill Legal Group, P.C.
*Attorneys for Anthony Hamilton*
306 Fifth Avenue, Penthouse
New York, NY 10001
Tel. (212) 233-4141
pbrill@brill-legal.com

**I.      INTRODUCTION**

This memorandum is respectfully submitted for the Court's consideration prior to imposing sentence on Anthony Hamilton. Mr. Hamilton is before this Court to be sentenced upon his conviction, after a plea of guilty to one count of 21 U.S.C. §922(g)(1), possession of a firearm as a convicted felon.

Through this pre-sentence submission, we respectfully request that this Court exercise the greatest possible degree of mercy and leniency in sentencing Mr. Hamilton to a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of sentencing – in this case, a prison sentence of one year and one day, to be followed by three years of post-release supervision.

We hope that this information and accompanying exhibits serve to articulate the history and character of the man who will stand before you for sentencing. Mr. Hamilton has struggled with childhood trauma, instability and homelessness throughout his life. He has big dreams about what he would like to accomplish but has yet to live up to those dreams. He mostly just tries to survive until the next day, and many of the choices he has made have made his life even more precarious. It is a self-perpetuating cycle that cries out for intervention. Unfortunately, Mr. Hamilton is not always amenable to intervention, choosing to live his life by his own rules.

We hope that an appropriate term of supervised release will allow Mr. Hamilton to take advantage of the resources available to him. Mr. Hamilton is eager to take advantage of any and all programming and treatment opportunities he might be provided. Mr. Hamilton's prospects for a future of dignity and success merit this Court's just and careful consideration.

## II.      PRESENTENCE REPORT AND ADVISORY GUIDELINE CALCULATION

The Pre-Sentence Report ("PSR") accurately states that Mr. Hamilton was charged by indictment on February 25, 2021 with violating 18 USC 922(g)(1). On July 11, 2021, Mr. Hamilton pled guilty to that charge.

The PSR accurately calculates Mr. Hamilton's base Guideline offense level for the 18 USC 922(g)(1) charge to be 14. The offense level is then properly reduced by two levels, to 12, for acceptance of responsibility. Mr. Hamilton's 12 criminal history points result in a criminal history score of 9 and place him in Criminal History Category IV. As such, his Guidelines sentencing range is 21 to 27 months' imprisonment.

Though simply mirroring language in police paperwork, Mr. Hamilton respectfully disagrees with the characterization of his actions in paragraph 11 of the PSR after he was grabbed by the police on the date of the incident as "resisting arrest." Police body camera footage certainly shows Mr. Hamilton tensing up and verbally objecting to being manhandled by multiple police officers, but he was never violent with the police. The actions of the police were swift and unexpected, and Mr. Hamilton's response was not unreasonable under the circumstances. He relaxed and complied within a minute or so.

Mr. Hamilton does not sell drugs, but apparently has a history of selling counterfeit merchandise, for which he has been arrested on a number of occasions. It was again during this activity that he became the object of law enforcement scrutiny, when a trademark specialist working with the police claimed that Mr. Hamilton was engaged with another individual in selling counterfeit leather goods. While not a legal way to earn a living, it is certainly far less harmful to society than other illegal activities. He has apparently never held a steady job, does

not have his GED, and lacks any significant community or family support to this day. He tries to make up for his own lack of support by being there for his daughter as much as he can.

Mr. Hamilton fully accepts responsibility for the charged conduct.

Two sets of facts bear on how this Court should evaluate Mr. Hamilton's offense conduct: 1) the specific use he made, or was making, of the pistol on the day of his arrest; and 2) the nature of his prior criminal conduct.

Mr. Hamilton has disclosed to counsel that he came into his possession of the pistol only days prior to his arrest. Life in homeless shelters is dangerous, and Mr. Hamilton thought the gun would offer some measure of protection. However, he never brandished it or displayed it in any way. He had little idea of how to use it. Police found it at the bottom of a shoulder bag he had been wearing at the time he was stopped. While the very real risks associated with this conduct are clear, this Court is respectfully asked to consider Mr. Hamilton's relative ineptitude and naivete under the circumstances as a mitigating factor.

Mr. Hamilton's prior criminal conduct also merits analysis. As noted above, much of Mr. Hamilton's criminal history is non-violent and victimless: driving with a suspended license, selling counterfeit trademarked goods, fare jumping. The other charges stem from impulsivity, anger, or a lack of self control, and he regrets his actions. Mr. Hamilton pled guilty to each charge, and was subsequently convicted, sentenced, and punished.

### IV.     SENTENCING CONSIDERATIONS UNDER 18 U.S.C § 3553(a)

Mr. Hamilton respectfully requests that this Court impose a below-Guidelines sentence. Other than his criminal history, much of which was born from poverty, all of the 18 U.S.C. §3553(a) factors that this Court must consider in imposing a sentence favor a significantly reduced sentence for Mr. Hamilton.  In particular, we urge the Court to credit Mr. Hamilton's

swift decision to accept responsibility and consider those aspects of his life history which have been beyond his control or choice. Mr. Hamilton's childhood of deprivation and his complete lack of a support system upon his release from prison after a shocking three-year prison sentence at age 16 all contributed to his being completely unmoored as a young adult, leading to a lifelong struggle to remain on the right side of the law.

Taking into account the factors enumerated in 18 U.S.C. § 3553(a), we respectfully suggest that a prison sentence of one year and one day, plus three years of post-release supervision, is appropriate in this case. As this Court knows, the statute instructs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" as outlined below. We respectfully suggest that the balance of all these factors weigh in favor of a below-guidelines sentence, which would meet the sentencing goals of punishment and deterrence.

### *Nature of the Offense and the History and Characteristics of the Defendant*

Nothing herein suggests that the crime which has brought Mr. Hamilton before this Court is not serious, nor do we intend to downplay that seriousness. We ask only that it be viewed in context.

Gun possession by individuals with criminal histories is a *per se* federal crime, for a host of reasons. Mr. Hamilton's conduct in the instant case satisfies the statute, and merits correction. However, the discretion a Court wields to sentence within a range reflects the reality that possession can vary widely in its manner and scope.

Here, Mr. Hamilton was not possessing this gun because he intended to intimidate or threaten, or to quickly make use of it against an imminent threat. He had possessed it for a markedly short period of time. It was the first gun he had ever had; he had no scheme to use it to

dominate rivals or enemies, or even harm people at all. Mr. Hamilton's criminal history, although distressing for its length and the patterns of recurrence it contains, is notably that of a person caught in a cycle of dysfunctional poverty. This Court should therefore sentence Mr. Hamilton to a proportionally minimal term.

### *The Need for Deterrence*

To the extent that criminal sanctions do have a general deterrent effect, the certainty and swiftness of punishment have a far greater deterrent effect than the severity of the sanction. A below-Guidelines sentence would be more than sufficient to deter other would-be offenders from similar criminal conduct.  This is not a high-profile case that promotes Mr. Hamilton as someone who profited from his criminal conduct.  Rather, Mr. Hamilton's story makes clear the negative consequences of engaging in criminal conduct. It also makes clear that failing to stay on the straight and narrow after stints of prison means escalating sanctions. Mr. Hamilton is truly and deeply sorry for the damage to his family, and to society at large, that his continued criminal conduct caused; he will be out of his daughter's life for some time, exactly the situation he hoped to avoid based on his own childhood.

### *Probation's Recommended Sentence is "Greater Than Necessary" to Achieve the Goals of Sentencing*

Under Section 3553(a)(2), it is appropriate to make adjustments to a sentence in order to promote respect for the law and adequately punish the defendant; to discourage the defendant from committing the same acts again; and to protect the public from further crimes by the defendant or by others.  See generally, 18 U.S.C. § 3553(a)(2)(A)-(C).  In Mr. Hamilton's case, a below-Guidelines sentence would properly satisfy these enumerated purposes of sentencing. Probation, however, has recommended a sentence which would go far beyond the goals of sentencing. Excessive incarceration will only serve to further damage Mr. Hamilton's career

prospects, his relationship with his family, and his mental health. It makes it more likely that he will lose hope, lose purchase on a plan for his future, lose the support of his family, and commit other crimes again.

The circumstances of the offense and the history and characteristics of Mr. Hamilton justify a minimum term and are congruent with the statutory mandate to "impose a sentence sufficient, but not greater than necessary," while satisfying the goals of sentencing and the enumerated purposes set forth in the statute.

There was a time, of course, when district courts were limited in their ability to rely upon circumstances such as age in fashioning an appropriate sentence. That, however, is no longer the case, and sentencing courts are now required to consider such factors:

> The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition, employment history, lack of guidance as a youth, family ties, or military, civic, charitable or public service are not ordinarily considered under the Guidelines. *See* United States Sentencing Commission, Guidelines Manual 5H1.16, 11, and 12 (Nov. 2006) n3. These are, however, matters that § 3553(a)(1) authorizes the sentencing judge to consider. *See e.g.,* 18 U.S.C. 3553(a)(1).

Rita v. United States, 551 U.S. 338, 364-65 (2007) (Stevens, J. concurring). See also United States v. Jarvi, 537 F.3d 1256, 1263 (10th Cir. 2008) ("We have no held that district courts have broad discretion to consider individual characteristics like age, employment and criminal history in fashioning an appropriate sentence under 18 U.S.C. § 3553(a), even when disfavored under the Guidelines or already accounted for in another part of the calculation.").

## V. SENTENCING RECOMMENDATION

As noted above, we respectfully request a sentence of incarceration of a year and a day, to be followed by three years of post-release supervision. This will provide for appropriate punishment, while allowing Mr. Hamilton to address his underlying substance abuse issues and life challenges, and their connection to his personal history and disabilities. It will allow him to remain in his daughter's life, help him with education and job training, and provide him with the tools to become a successful and contributing member of society upon his eventual release. Halting the wasteful and tragic cycle that has characterized Mr. Hamilton's life to this point is a worthy and achievable goal, and would be ensured by a fair and just sentence.

Following the prison sentence with an extended period of supervised release will allow Mr. Hamilton to be accountable to the Court for the promises he makes, and to move away from the errors of his past.

## VI. CONCLUSION

As detailed extensively above, we believe that in this particular case, our sentencing recommendation would provide an adequately onerous sentence that is harmonious with the needs of justice: a sentence sufficient, but not greater than necessary.

Respectfully submitted,

BRILL LEGAL GROUP, P.C.
*Attorneys for Anthony Hamilton*

By:  Peter E. Brill
306 Fifth Avenue
Penthouse
New York, NY 10001
(212) 233-4141